UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANEKA NEYMOUR, | |
| Plaintiff, | Case No. C23-1799RSM |
| v. | ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND DIRECTING PLAINTIFF TO SHOW CAUSE |
| JINGFA BEAUTY STORE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's "Ex Parte Motion for Emergency Relief," Dkt. #9. Plaintiff Shaneka Neymour, proceeding *pro se*, filed a Complaint on November 20, 2023, against Defendants JINGFA Beauty Store Shaoke Jiang and L7 Weiweiliu. Dkt. #1. According to the Complaint, Defendant JINGFA Beauty Store, officially known as Qingdao Jinghuamei Gongyipin Youxiangongsi, has a mailing address at "Hebei Village, Industrial Park, Jiaozhou City, Licha Town, Shandong 266300, China," and Defendant L7 Mannequin, officially known as Qingdao Huayang Lianhe Guoji Maoyi Youxiangongsi, has a mailing address at "Jiaozhou City, Aomen Road, Hualu International, Yulong Plaza, Community 1, Building 160, Shop, China." *Id*. at 4–5. Summonses were issued in this case on November 22, 2023. Dkt. #2. Since that time, proof of service has not been provided to the Court. The Court issued a Minute

ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND
DIRECTING PLAINTIFF TO SHOW CAUSE - 1

Order on April 22, 2024, striking Plaintiff's Motion for Summary Judgment as premature and for failing to include proof of service. Dkt. #8. Plaintiff did not file a Joint Status Report, due on April 26, 2024, or otherwise communicate with the Court until filing the instant Motion on June 14, 2024. Dkt. #9.

Plaintiff now states that she "promptly served the Defendants with the legal complaint papers and summons, as ordered by the court," attaching proof of service that indicates that "on the 25th of April 2024, I mailed a copy of the summons and complaint to each individual's last known address." *See* Dkts. #9 and #9-1.

Federal Rule of Civil Procedure 4(f) governs service of process on individuals and corporations outside the United States, and authorizes service "by any internationally agreed means of service," including through the Hague Convention. Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h). Alternatively, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(f)(3) does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (internal quotations and citation omitted). Rather, the rule "is merely one means among several which enables service of process on an international defendant." Id. at 1015. All that Rule 4(f)(3) requires is service (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014. Additionally, the alternate means of service must comport with due process. *Id*. at 1016. China is a signatory to the Hague Convention, and ordinarily, should be served in that manner unless the Court, in its discretion, determines that "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*.

ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND
DIRECTING PLAINTIFF TO SHOW CAUSE - 2

Plaintiff in this case has not explained how her method of service comports with the Hague Convention. China has objected to service by postal channels under the Hague Convention. *See Topstone Commc'ns, Inc. v. Xu*, 603 F. Supp. 3d 493, 500 (S.D. Tex. 2022). China requires documents served under the Convention to either be written in Chinese or translated into Chinese. *Id*. The Court believes that Plaintiff has failed to properly serve Defendants under Rule 4. Plaintiff has not requested to serve Defendants by any alternative means.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court needs to hear from Plaintiff on this issue. In Response to this Order, Plaintiff must write a short statement telling the Court how service was accomplished and why service in this case was proper and timely, or why there is good cause for the failure to properly serve Defendants.

Turning to the requested relief, Plaintiff has filed a Motion for an ex parte Temporary Restraining Order under Federal Rule of Civil Procedure Rule 65(b).

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the

ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND
DIRECTING PLAINTIFF TO SHOW CAUSE - 3

adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id.* "The motion must also include contact information for the opposing party's counsel…" *Id.* The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5).

The Court finds that Plaintiff has failed to provide specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result before Defendants can be heard in opposition. This case has been open for seven months—there is no reason to believe that some new irreparable injury will occur before Defendants are given a reasonable opportunity to respond. The Court further finds that Plaintiff has failed to explain any efforts made to give notice or the reasons why notice should not be required. As it currently stands, it appears Plaintiff has only mailed a copy of the summonses and Complaint to Defendants in English, contrary to China's objections to the Hague Convention and without translation into the Chinese language. The Court advises Plaintiff to thoroughly review the requirements for serving a business in China and cannot provide Plaintiff with legal advice on this issue.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion, Dkt. #9, is DENIED. Plaintiff shall file a Response to this Order to Show Cause no later than **thirty (30) days** from the date of this Order. This Response must include a short statement telling the Court how service was accomplished and why service in this case was proper and timely, or why there is good cause for the failure to properly serve Defendants. This Response may not exceed **six (6) pages.** If Plaintiff fails to file this Response the Court will dismiss this case.

ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND
DIRECTING PLAINTIFF TO SHOW CAUSE - 4

DATED this 14th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING EX PARTE MOTION FOR EMERGENCY RELIEF AND
DIRECTING PLAINTIFF TO SHOW CAUSE - 5