UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANEKA NEYMOUR,

  Plaintiff,

  v.

JINGFA BEAUTY STORE, et al.,

  Defendants.

Case No. C23-1799RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte*. Plaintiff Shaneka Neymour, proceeding *pro se*, filed a Complaint on November 20, 2023, against Defendants JINGFA Beauty Store Shaoke Jiang and L7 Weiweiliu. Dkt. #1. According to the Complaint, Defendant JINGFA Beauty Store, officially known as Qingdao Jinghuamei Gongyipin Youxiangongsi, has a mailing address at "Hebei Village, Industrial Park, Jiaozhou City, Licha Town, Shandong 266300, China," and Defendant L7 Mannequin, officially known as Qingdao Huayang Lianhe Guoji Maoyi Youxiangongsi, has a mailing address at "Jiaozhou City, Aomen Road, Hualu International, Yulong Plaza, Community 1, Building 160, Shop, China." *Id*. at 4–5. Summonses were issued in this case on November 22, 2023. Dkt. #2. Since that time, proof of service has not been provided to the Court. The Court issued a Minute Order on April 22, 2024, striking

ORDER OF DISMISSAL - 1

Plaintiff's Motion for Summary Judgment as premature and for failing to include proof of service. Dkt. #8. Plaintiff did not file a Joint Status Report, due on April 26, 2024, or otherwise communicated with the Court until filing a Motion on June 14, 2024. Dkt. #9.

Plaintiff stated in that Motion that she "promptly served the Defendants with the legal complaint papers and summons, as ordered by the court," attaching proof of service that indicates that "on the 25th of April 2024, I mailed a copy of the summons and complaint to each individual's last known address." *See* Dkts. #9 and #9-1.

The Court issued an Order to Show Cause directing Plaintiff to "write a short statement telling the Court how service was accomplished and why service in this case was proper and timely, or why there is good cause for the failure to properly serve Defendants." Dkt. #10 at 3. The Court set a thirty-day deadline to respond and warned that "[i]f Plaintiff fails to file this Response the Court will dismiss this case." *Id*. at 4. Thirty days have passed with no Response.

Federal Rule of Civil Procedure 4(f) governs service of process on individuals and corporations outside the United States, and authorizes service "by any internationally agreed means of service," including through the Hague Convention. Fed. R. Civ. P. 4(f)(1); *see also* Fed. R. Civ. P. 4(h). Alternatively, Rule 4(f)(3) allows service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(f)(3) does not "create a hierarchy of preferred methods of service of process," and "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002) (internal quotations and citation omitted). Rather, the rule "is merely one means among several which enables service of process on an international defendant." Id. at 1015. All that Rule 4(f)(3) requires is service (1) directed by the court and (2) not prohibited by international agreement. *Id*. at 1014. Additionally, the alternate means of service must

ORDER OF DISMISSAL - 2

comport with due process. *Id*. at 1016. China is a signatory to the Hague Convention, and ordinarily, should be served in that manner unless the Court, in its discretion, determines that "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id*.

Plaintiff in this case has not explained how her method of service comports with the Hague Convention. China has objected to service by postal channels under the Hague Convention. *See Topstone Commc'ns, Inc. v. Xu*, 603 F. Supp. 3d 493, 500 (S.D. Tex. 2022). China requires documents served under the Convention to either be written in Chinese or translated into Chinese. *Id*. The Court finds that Plaintiff has failed to properly serve Defendants under Rule 4. Plaintiff has not requested to serve Defendants by any alternative means.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). More than 90 days have passed since the Complaint was filed. The Court finds that dismissal without prejudice is warranted under Rule 4(m) and for failure to respond to the Court's Order to Show Cause.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's claims are dismissed without prejudice. This case is CLOSED.

DATED this 16th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3